**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**WILL FERGUSON & ASSOCIATES, INC.,**

**Plaintiff-Appellee,**

v.                                                                                          **NO. 29,272**

**TED GENGLER,**

**Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Mackie Huling, District Judge**

Will Ferguson & Associates
Roger Eaton
Albuquerque, NM

for Appellee

Alex Chisholm
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

In this dispute over attorney's fees, Defendant Ted Gengler (Defendant) appeals from the district court's order granting Plaintiff Will Ferguson & Associates, Inc. (Plaintiff) summary judgment on the complaint and the counterclaims. [RP 298] This Court's calendar notice proposed summary reversal. [Ct. App. File, CN1]

Plaintiff filed a memorandum in opposition [Ct. App. File, MIO], and Defendant filed a memorandum in support [Ct. App. File, MIS]. Unpersuaded that the proposed disposition is incorrect or inappropriate, we reverse and remand for trial on the merits.

**DISCUSSION**

Defendant contends that the plain language of NMSA 1978, Section 42-10-3 (1953) (providing that life insurance proceeds "shall in no case be liable to attachment, garnishment or legal process in favor of any creditor"), precludes Plaintiff law firm from collecting its one-third fee under a contingency fee agreement when (a) the fee agreement did not provide for an assignment of the insurance policy proceeds; (b) Plaintiff failed to file a complaint against the insurance company; and (c) Plaintiff failed to collect any money above the policy limits. [DS 5] Defendant also contends that the contingency fee agreement imposes an affirmative fiduciary duty or a condition precedent on Plaintiff to file a complaint before its rights under the contract vest. [DS 5] Finally, Defendant contends that, as a matter of public policy for the self-regulating legal profession in New Mexico, it is unreasonable for a lawyer to charge $13,332 plus costs for writing one letter to an insurance company when Plaintiff failed to collect any money above the policy limits. [Id.] Because we hold that there are material issues of fact and matters of law that preclude summary judgment, we reverse the order granting summary judgment to Plaintiff and remand

for trial on the merits.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. . . We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citations omitted).

The parties entered into a representative and contingency fee agreement on October 19, 2006 (the contract). [RP 5] We agree with Defendant's contentions that there are provisions in the contract that may be ambiguous, thus requiring consideration of the facts and circumstances surrounding the making of the contract and the intentions of the parties, making summary judgment inappropriate. *See, e.g., C.R. Anthony Co. v. Loretto Mall Partners*, 112 N.M. 504, 508-09, 817 P.2d 238, 242-43 (1991) (discussing that, in determining whether contract language is ambiguous, courts may consider "evidence of the circumstances surrounding the making of the contract and of any relevant usage of trade, course of dealing, and course of

performance"); *see also Mark V*, 114 N.M. 778, 781-82, 845 P.2d 1232, 1235-36 (1993) ("[I]f the proffered evidence of the surrounding facts and circumstances is in dispute, turns on witness credibility, or is susceptible of conflicting inferences, the meaning must be resolved by the appropriate fact-finder . . . with the benefit of a full evidentiary hearing prior to deciding breach and damages.").

In this case, for example, while the contract was entered into in October 2006, Defendant's affidavit filed in response to the motion for summary judgment asserts that in June 2006, the parties discussed that a contingency fee arrangement would not be "ethical" if only the face amount of the policy were at stake, rather than Prudential's alleged bad faith in failing to pay on the accidental death claim. [RP 223] Defendant asserts in the affidavit, moreover, that Plaintiff initially declined to represent Defendant on that basis until after Prudential refused Defendant's own efforts to collect on the accidental death portion. [RP 223] As such, the parties may have entered the contract with different intentions and/or placed different meanings on the provisions in the contract stating that "[Plaintiff is authorized to] pursue a life insurance claim in connection with Suzette Gengler's death," and "[n]either Attorneys nor Client will settle or compromise this matter without the other's approval." [RP 5] Since Plaintiff denies Defendant's rendition of events prior to entry into the contract, disputes the objective of the representation, disputes that the demand letter

4

was a settlement, and disputes that the demand letter was not authorized by Defendant, there remain material issues of fact for resolution by the fact finder and summary judgment is, therefore, inappropriate with regard to Plaintiff's claims.

In addition, we agree with Defendant that summary judgment is inappropriate on Defendant's counterclaims for violation of the unfair trade practices act, the duty of good faith and fair dealing, negligence, breach of fiduciary duty, and intentional infliction of emotional distress. [RP 78-84] Since the parties disagree as to the events leading up to the contract, they disagree as to the purpose and scope of the representation, and they disagree as to the ramifications of their disagreement, we hold that summary judgment is inappropriate at this time with regard to Defendant's counterclaims.

In the memorandum in opposition, Plaintiff first contends that there are no disputed material facts. [MIO 2] Plaintiff, then proceeds, however, to dispute several of Defendant's assertions in the docketing statement that relate to the events prior to entry into the contract, the objectives of the representation, whether the demand letter was a settlement, and whether the demand letter was authorized by Defendant. [MIO 2-5] Plaintiff next asserts that Section 42-10-3 is inapplicable to the dispute because Plaintiff did not seek to attach or get an assignment of the life insurance proceeds that was paid to Defendant. [MIO 6-7] Defendant specifically asserts in

5

the memorandum in support, however, that, in a letter to Prudential, Plaintiff asserted an attorney's fee lien against the life insurance proceeds. [MIS 2] In the memorandum, Plaintiff further contends that summary judgment is appropriate on Defendant's counterclaims. [MIO 7] In support of its position, however, Plaintiff points vaguely to "evidence that was presented for [the trial judge's] decision[,]" and disputed facts, such as that Defendant's alleged motive for accepting the policy limits was to avoid paying any fees he had agreed to pay under the contingency fee agreement. [Id.] Finally, to the extent that Plaintiff continues to argue in the memorandum that the contingency fee agreement is reasonable, we remain persuaded that whether the collection of 33.3 percent of a life insurance policy payout in exchange for writing a demand letter is reasonable can only be determined after the fact finder resolves the circumstances surrounding the entry of the contract, the purpose and scope of the representation, and whether the services performed were authorized.

**CONCLUSION**

We hold that there remain material issues of fact and matters of law in this case making summary judgment inappropriate. Accordingly, we reverse the summary judgment order and remand the matter for a trial on the merits.

**IT IS SO ORDERED**.

6

                        _____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**ROBERT E. ROBLES, Judge**